IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN PRICE

     v.

UNITED STATES OF AMERICA

:
:
:    Civil Action No. DKC 11-1139
          Criminal No. DKC 09-0397
:
:

**MEMORANDUM OPINION**

Presently pending in this case is the motion of Petitioner, Jonathan Price ("Mr. Price" or "Petitioner"), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 46).[1]  For the following reasons, the court will hold an evidentiary hearing on the ineffective assistance of counsel claim, specifically whether Petitioner unequivocally directed his trial counsel to notice an appeal and he failed to do so.

**I.   Background**

On July 20, 2009, a grand jury in the District Court of Maryland returned an indictment charging Petitioner with one count of possession of a firearm by a convicted felon on June 4, 2009 in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 1).  The Government filed a superseding information on December 2, 2009, adding an additional count of possession of a firearm by a convicted felon on July 15, 2009.  (ECF No. 26).  Petitioner

_____

[1] All citations to electronic court filings refer to the docket in the criminal case.

waived indictment on December 4, 2009, and the court held a guilty plea hearing. (ECF No. 30). Pursuant to a written plea agreement, Petitioner pled guilty to both counts of the superseding information. (ECF No. 48-1, at 1). Subsequently, on May 3, 2010, Petitioner was sentenced to a total term of imprisonment of 132 months - consisting of 120 months on count one of the superseding information and a consecutive term of twelve (12) months on count two – to be followed by three (3) years of supervised release. (ECF No. 42). Petitioner did not file a notice of appeal.

Almost one year later, in correspondence to the court dated March 24, 2011, Petitioner indicated his intention to file an appeal and requested that the court appoint an attorney for him in filing the appeal. (ECF No. 44). The Clerk of the Court replied to Petitioner on March 29, 2011, informing him of his right to file a habeas petition. (ECF No. 45). Petitioner filed the instant motion on May 2, 2011, which the Government opposed on July 8, 2011. (ECF Nos. 46 & 48).[2]

## II. Standard of Review

28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution

---

[2] Petitioner filed correspondence on July 28, 2011, requesting that his sentence be modified or reconsidered. (ECF No. 49).

or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  If the Section 2255 motion, along with the files and records of the case, conclusively shows that petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied.  *See* 28 U.S.C. § 2255(b).

## III. Ineffective Assistance of Counsel

Petitioner raises the following grounds in his Section 2255 motion: (1) that his counsel rendered ineffective assistance of counsel by failing to file a notice of appeal; and (2) that the Government breached the plea agreement.

### A.   Standard of Review

Claims of ineffective assistance of counsel are governed by the well-settled standard adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail on a claim under *Strickland*, the petitioner must show both that his attorney's performance fell below an objective standard of reasonableness and that he suffered actual prejudice.  *See Strickland*, 466 U.S. at 688.  To demonstrate actual prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

3

In the *Strickland* analysis, there exists a strong presumption that counsel's conduct falls within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance. *Strickland*, 466 U.S. at 688—89; *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991). Courts must assess the reasonableness of attorney conduct "as of the time their actions occurred, not the conduct's consequences after the fact." *Frye v. Lee*, 235 F.3d 897, 906 (4th Cir. 2000). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Furthermore, a determination need not be made concerning the attorney's performance if it is clear that no prejudice could have resulted from some performance deficiency. *See id.* at 697.

A petitioner who pleads guilty has an especially high burden in establishing an ineffective assistance claim. As the Supreme Court explained, "[t]he plea process brings to the criminal justice system a stability and a certainty that must not be undermined by the prospect of collateral challenges in cases . . . where witnesses and evidence were not presented in the first place." *Premo v. Moore*, 131 S.Ct. 733, 746 (2011).

4

Thus, a petitioner alleging ineffective assistance in the context of a guilty plea must meet a "substantial burden . . . to avoid the plea[.]" *Id.*

### B. Failure to Appeal

Petitioner faults his trial counsel for failing to file a notice of appeal. Although Petitioner does not submit an affidavit, he states in his habeas petition – signed under penalty of perjury - that he asked his attorney to file an appeal on his behalf because he knew there were only ten days to do so. (ECF No. 46, at 3). In response, the Government argues that a sworn affidavit from Petitioner's attorney, Christopher Davis, contradicts Petitioner's contention and that his claim is not credible. (ECF No. 48, at 7). Specifically, the Government submits an affidavit from Mr. Davis, stating that he met with Mr. Price on the date he was sentenced and advised him of his right to appeal. (ECF No. 48-2 ¶ 3). Mr. Davis declares that after he advised Petitioner of this right, Petitioner informed him that he did not wish to file an appeal. (*Id.* ¶ 4). The Government also points to Petitioner's March 24, 2011 correspondence to the court, in which he asked that an attorney be appointed for him to assist with filing an appeal because "[his] deadline for filing this appeal is in May, 2011." (ECF No. 44). The Government argues that this statement "contradicts his subsequent statement in his § 2255 petition that he had

previously advised his defense counsel to file an appeal because he knew it had to be done within ten days of the entry of judgment." (ECF No. 48, at 6).

In the Fourth Circuit, "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Like the instant case, *Poindexter* involved a defendant who signed a plea agreement containing explicit limitations on the right to appeal. After a sentence within the guidelines was imposed and no appeal was noted, the defendant filed a Section 2255 motion alleging, in part, that "he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal after he unequivocally instructed his attorney to do so." *Poindexter*, 492 F.3d at 266. That motion was denied by the district court, without an evidentiary hearing, on the basis that the defendant could not prevail because he "was sentenced within the sentencing range established by the Sentencing Guidelines and, therefore, any challenge to his sentence would fall under the appeal waiver contained in the plea agreement." *Id*. at 267.

In vacating the district court's ruling, the Fourth Circuit relied principally on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000),

6

for the propositions that "an attorney who disregards a defendant's specific instruction to file a timely notice of appeal acts in a professionally unreasonable manner" and that "a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal." *Poindexter*, 492 F.3d at 268 (citing *Flores-Ortega*, 528 U.S. at 477, 483). Thus, in the Fourth Circuit's view, "[o]nce Poindexter unequivocally instructed his attorney to file a timely notice of appeal, his attorney was under an obligation to do so"; by failing to do so, "his attorney acted in a professionally unreasonable manner"; and "[b]ecause his attorney's unprofessional conduct resulted in Poindexter losing his appellate proceeding, he [] established prejudice under *Flores-Ortega* as well." *Id.* at 269; *see also United States v. Wright*, 538 F.App'x 237, 237 (4th Cir. 2013) ("counsel's failure to file a notice of appeal as directed constitutes per se ineffective assistance") (citing *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993)).

Here, there are conflicting sworn statements regarding whether Petitioner unequivocally asked his attorney to file a notice of appeal following sentencing and that his attorney failed to do so. The Government believes that Petitioner's statement in his habeas petition is not credible because of his later correspondence to the court in March 2011 stating that he

had until May 2011 to file an appeal. It is not evident, however, that Petitioner's later correspondence indicating his desire to file an appeal necessarily conflicts with his position that he previously requested his trial counsel to file an appeal. Under 28 U.S.C. § 2255(b), unless the pleading, files, and records conclusively show that the prisoner is not entitled to relief, the district court shall hold an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 925-27 (4th Cir. 2000); *United States v. Tidd*, ---F.App'x----, 2014 WL 4257867, at *1 (4th Cir. Aug. 29, 2014) ("we vacate the district court's order dismissing Tidd's § 2255 motion and remand for an evidentiary hearing on whether counsel neglected Tidd's direction to appeal."). The Fourth Circuit recently explained in *Wright*, 538 F.App'x at 237: "[w]hile whether an evidentiary hearing is necessary is generally left to the sound discretion of the district judge, we long ago recognized that there remained 'a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court.'" (*quoting Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)).

The court must make a factual determination with regard to whether Petitioner unequivocally directed his attorney to file

an appeal.[3] *Wright*, 538 F.App'x at 237 ("[T]he district court denied Wright's [habeas] motion after determining that his claim lacked credibility. In light of the parties' conflicting affidavits, the record did not conclusively show that Wright was not entitled to relief."); *Spann v. United States*, Civ. No. RDB-10-168, 2011 WL 1599235, at *3 (D.Md. Apr. 27, 2011) ("Given the contradicting affidavits in this case, this Court finds that the record is inconclusive as to whether [petitioner] made a request to file a notice of appeal that was disregarded by Davis. Therefore, it will hold a brief evidentiary hearing before ruling on this aspect of Spann's § 2255 motion."); *cf. Gordon-Bey v. United States*, Civ. No. RDB-11-2760, Crim. No. RDB-08-0123, 2013 WL 1431658, at *1 (D.Md. Apr. 8, 2013) (granting belated appeal, without a hearing, where the government did not dispute petitioner's allegation that his counsel failed to comply with request to file notice of appeal); *Brown v. United States*, Civ. Action No. DKC 10-2569, 2013 WL 4562276, at *8 (D.Md. Aug. 27, 2013) (same).

Accordingly, Petitioner will be appointed counsel and an evidentiary hearing will be held to determine whether Petitioner

---

[3] It is worth noting that under the terms of the written plea agreement, Petitioner waived the right to appeal his sentence provided it did not exceed 151 months' imprisonment. (ECF No. 48-1, at 5).

unequivocally requested that his trial counsel file an appeal and his counsel denied him that right.[4]

## IV.  Conclusion

For the foregoing reasons, an evidentiary hearing will be held regarding whether Petitioner unequivocally directed his trial counsel to notice an appeal and he failed to do so.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge


---

[4] It is premature to decide the second claim Petitioner raises in his habeas petition regarding the Government's breach of the plea agreement.  The court will determine appropriate resolution of this claim after an evidentiary hearing.