IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JONATHAN PRICE                  :

   v.                           :   Civil Action No. DKC 11-1139
                                                                    Criminal No. DKC 09-0397
                                              :
UNITED STATES OF AMERICA        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion of Petitioner, Jonathan Price ("Mr. Price" or "Petitioner"), to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 46).[1] For the following reasons, Petitioner's motion will be denied.

**I. Background**

On July 20, 2009, a grand jury in the United States District Court of Maryland returned an indictment charging Petitioner with one count of possession of a firearm by a convicted felon on June 4, 2009 in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1). The Government filed a superseding information on December 2, 2009, repeating the charge from the indictment and adding an additional count of possession of a firearm by a convicted felon on July 15, 2009. (ECF No. 26). Petitioner waived indictment on December 4, 2009, and the court

---

[1] All citations to electronic court filings refer to the docket in the criminal case.

held a guilty plea hearing. (ECF No. 30). Pursuant to the plea agreement, Petitioner pled guilty to both counts of the superseding information. (ECF No. 48-1, at 1). The plea agreement stated that the maximum sentence provided by statute for each of the offenses to which Petitioner was pleading guilty was imprisonment for not more than ten years, followed by a term of supervised release of not more than three years and a fine of $250,000. The parties stipulated to an adjusted offense level of 29, and waived their right to appeal if the sentence was between 121 and 151 months. (*See* ECF No. 48-1).

Subsequently, on May 3, 2010, Petitioner was sentenced to a total term of imprisonment of 132 months – consisting of 120 months on count one of the superseding information and a consecutive term of twelve (12) months on count two – to be followed by three (3) years of supervised release. (ECF No. 42). Petitioner did not file a notice of appeal.

In correspondence to the court dated March 24, 2011, Petitioner indicated his intention to file an appeal and requested that the court appoint an attorney for him in filing the appeal. (ECF No. 44). The Clerk of the Court replied to Petitioner on March 29, 2011, informing him of his right to file a habeas petition. (ECF No. 45). Petitioner filed the instant

motion on May 2, 2011, which the Government opposed on July 8, 2011. (ECF Nos. 46 & 48).[2]

Petitioner raised the following grounds in his Section 2255 motion: (1) that the Government breached the plea agreement; and (2) that his counsel rendered ineffective assistance of counsel by failing to file a notice of appeal.  The court issued a memorandum opinion on September 19, 2014, appointing counsel for Petitioner and scheduling an evidentiary hearing to determine whether Petitioner unequivocally requested that his trial counsel file an appeal.  (*See* ECF No. 51).  An evidentiary hearing was scheduled for February 23, 2015, but at the beginning of the hearing Petitioner withdrew the ineffective assistance of counsel claim.  Accordingly, the only issue remaining in the habeas petition is whether the Government breached the plea agreement.

## II.  Standard of Review

28 U.S.C. § 2255 requires a petitioner asserting constitutional error to prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  If the Section

---

[2] Petitioner filed correspondence on July 28, 2011 requesting that his sentence be modified or reconsidered. (ECF No. 49).

2255 motion, along with the files and records of the case, conclusively show that petitioner is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be summarily denied.  *See* 28 U.S.C. § 2255(b).

**III. Analysis**

**A. Breach of Plea Agreement**

Petitioner asserts that the Government breached the plea agreement because the agreement stated that he would be sentenced to 120 months and that the prosecution would not argue for any additional time.  (ECF No. 46, at 2).  Petitioner also states that the Government argued above the sentencing guidelines, which resulted in a longer sentence.  (*Id.* at 6).  The Government asserts that Petitioner's claim is procedurally defaulted because he did not file a direct appeal and thus raises for the first time on collateral review the argument that the Government breached the plea agreement, and that, in any event, it is without merit.  (ECF No. 48, at 5).

Irrespective of any procedural improprieties, the record demonstrates that no breach of the plea agreement was committed.  The plea agreement provides, *inter alia*, that the *maximum* sentence provided by statute for each of the offenses is imprisonment for not more than ten years; Petitioner pled guilty to *both* counts of the superseding information, subjecting him to a maximum penalty of twenty years imprisonment.  The plea

4

agreement made clear that the Government "reserves the right to argue any sentence *up to the statutory maximum*." (ECF No. 48-1 ¶ 9) (emphasis added).  Indeed, the government's sentencing memorandum sought a sentence at the maximum – 240 months, while Petitioner sought a sentence below the guideline range of 121 to 151 months.  No objection to the guideline range was made by either party, nor did Petitioner object to the Government's argument as being in violation of the plea agreement. Petitioner was sentenced to a term of imprisonment of 132 months, far below the maximum term allowed, and within the guideline range.  The Government did not agree to a maximum sentence of 120 months, and did not agree not to argue for a sentence above the guideline range.  Consequently, Petitioner has not shown that the Government breached the plea agreement.

    B.    **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the undersigned is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a prisoner satisfies this standard by demonstrating that

reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon review of the record, the undersigned finds that Petitioner does not satisfy the above standard.  Accordingly, the court will decline to issue a certificate of appealability on the issue which has been resolved against Petitioner.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct sentence will be denied.  A separate order will follow.

                                              /s/
                                 DEBORAH K. CHASANOW
                                 United States District Judge